UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Daniel David, # 22490-171, | ) | C/A No.  5:13-1511-DCN-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Kenny Atkinson, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, a federal prison inmate appearing pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. §636(b)(1)(B), and the court's Local Civil Rule 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district judge. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## **BACKGROUND**

Petitioner filed this habeas action pursuant to 28 U.S.C. § 2241, requesting that the court vacate his federal convictions and sentences entered in *United States v. David*, No. 4:11-cr-775-RBH-1.  Petitioner requests that he be immediately released from prison. Pet. 9, ECF No. 1.

On January 25, 2012, a jury found Petitioner guilty of one count of conspiracy to transport/receive stolen goods and one count of transporting/receiving stolen goods. *See United States v. David*, No. 4:11-cr-775-RBH-1 (ECF No. 125 in criminal case).[1] Petitioner was sentenced

_____

[1] The court can take judicial notice of Petitioner's prior cases. *See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (noting the district court "had the right to

to concurrent sentences of 48 months of imprisonment and three years of supervised release on both convictions. *Id.* at ECF No. 124. He filed a direct appeal, and the Fourth Circuit Court of Appeals affirmed the court's judgment on February 11, 2013. *Id.* at ECF No. 150. The mandate was entered on March 5, 2013. *Id.* at ECF No. 151. Petitioner has not filed a motion to vacate pursuant to 28 U.S.C. § 2255 in his criminal case.

In the § 2241 Petition under review, Petitioner claims the following: that he is "actually innocent" of the allegations against him, but the sentencing court allowed inadmissible and perjured testimony to be used against him; his appellate attorney was ineffective because the attorney stated at the beginning of the appeal that he believed it was frivolous; his trial attorney was ineffective throughout the course of the proceedings; the trial judge was biased and prejudiced against him; and the indictment improperly charged conspiracy although the facts did not support that charge. Pet. 7-8, ECF No. 1. Petitioner acknowledges that he did not file a § 2255 motion in his criminal case, and invokes the "savings clause" to file this § 2241 action, asserting that he has already been in front of a biased and prejudiced judge and appellate court and does not believe he can receive a fair consideration by the same trial judge should he file a § 2255 motion in his criminal case. *Id.* at Pet. 4.

## DISCUSSION

Many federal prisoners, such as the Petitioner here, erroneously attempt to overturn federal convictions and sentences by filing a § 2241 action. *See, e.g., San-Miguel v. Dove*, 291 F.3d 257,

---

take notice of its own files and records and it had no duty to grind the same corn a second time."); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting "'the most frequent use of judicial notice is in noticing the content of court records.'") (quoting 21 C. Wright & K. Graham, Federal Practice and Procedure: Evidence § 5106 at 505 (1977)).

2

259-61 (4th Cir. 2002) (upholding summary dismissal of § 2241 action filed in the District of South Carolina that challenged convictions and sentences entered in the United States District Court for the District of Puerto Rico). "However, § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence [only] if he or she can satisfy the mandates of the so-called § 2255 'savings clause' . . . ." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); *see also Ennis v. Olsen*, No. 00-7361, 2000 WL 1868982, at *1 (4th Cir. Dec. 22, 2000). Otherwise, "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). The savings clause provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

As applied here, Petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective. Because Petitioner has not yet filed a motion to vacate under § 2255, he cannot demonstrate that its relief would be "inadequate or ineffective." Indeed, courts appear to require a prisoner in federal custody to first proceed with a § 2255 motion before attempting to satisfy the "savings clause," which would allow a § 2241 petition to be filed at a later date. *See Hernandez v. Drew*, 371 F. App'x 991, 993 (11th Cir. 2010) (noting that a prisoner may not circumvent the requirements for filing a § 2255 motion merely by filing a § 2241 petition); *see also Bearden v. Atkins*, C/A No. 1:12-3093, 2013 WL 7566302 (D.S.C.

3

Feb. 27, 2013); *Ross v. Mitchell*, C/A No. 6:10-1891, 2010 WL 3522359, at *2 (D.S.C. Aug. 11, 2010), *adopted by* 2010 WL 3522357 (D.S.C. Sept. 3, 2010).

However, rather than dismiss this case as one containing an improper § 2241 Petition, the undersigned finds it to be in the interest of justice to re-characterize this § 2241 habeas Petition as a Motion to Vacate, Set Aside, or Correct Petitioner's sentence pursuant to 28 U.S.C. § 2255. *See Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and re-characterize the motion in order to place it within a different legal category . . . to avoid an unnecessary dismissal . . . ."). Because this court is also the sentencing court, no transfer of the case will be necessary. Also, because Petitioner's statute of limitations is currently running,[2] it is appropriate to re-characterize the Petition rather than dismiss it without prejudice. If this action is re-characterized as a § 2255 motion, any subsequent § 2255 motion that Petitioner might file will be subject to the restrictions on successive or second § 2255 motions. Thus, if the court re-characterizes the Petition as a § 2255 motion, Petitioner is to be provided the proper notice and opportunity to respond as required by *Castro*, 540 U.S. 375. *See United States v. Blackstock*, 513 F.3d 128 (4th Cir. 2008).

Finally, Petitioner is specifically informed that if this case is re-characterized as a § 2255 action, any subsequent § 2255 motion will be subject to the restrictions on successive or second § 2255 motions set forth in 28 U.S.C. § 2255(h).[3] Accordingly, it is recommended that if the court

_____

[2] The undersigned makes no finding concerning the specific date of the one-year period of limitations applicable in Petitioner's criminal case, after which a § 2255 petition may be time-barred.

[3] A second or successive motion must be certified as provided in section 2255 by a panel of the appropriate court of appeals to contain -

(1) newly discovered evidence that, if proven and viewed in light of the evidence

re-characterizes the instant Petition as a § 2255 Motion, the court should provide the proper notice and give Petitioner an opportunity to express his consent to the conversion, or to withdraw or amend his Petition, as required by *Castro*, 540 U.S. at 383 (requiring district court to provide notice when it re-characterizes a pro se litigant's motion as a first § 2255 motion); *see also Shaw v. United States*, 417 F. App'x 311 (4th Cir. 2011); *United States v. Blackstock*, 513 F.3d 128 (4th Cir. 2008).

### **RECOMMENDATION**

Based on the foregoing, it is recommended that the district court re-characterize this § 2241 Petition with attachments as a § 2255 motion to be filed in *United States v. David*, No. 4:11-cr-775-RBH-1. It is also recommended that the district court provide the proper Petitioner with notice and opportunity to respond as required by *Castro*, 540 U.S. 375. Finally, it is further recommended that the district court direct the Clerk of Court to open a § 2255 action and to close this § 2241 action. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

---

as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

IT IS SO RECOMMENDED.

August 9, 2013                              Kaymani D. West
Florence, South Carolina                   United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).