IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| DANIEL DAVID, #22490-171, | ) | C/A No. 5:13-cv-1511 DCN |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| KENNY ATKINSON, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

The above referenced case is before this court upon the magistrate judge's recommendation that the court re-characterize this § 2241 Petition with attachments as a § 2255 motion to be filed in *United States v. David*, C/R No. 4:11-775 RBH -1. It was further recommended that the court provide petitioner with notice and opportunity to respond as required by *Castro*, 540 U.S. 375. It was further recommended that the court direct the Clerk of Court to open a § 2255 action and to close this § 2241 action.

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. Thomas v Arn, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. United States v. Schronce, 727 F.2d 91 (4th Cir. 1984),

cert. denied, 467 U.S. 1208 (1984 ).[1]  **Objections to the magistrate judge's report and recommendation were timely filed on August 19, 2013.**

A de novo review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law.  Accordingly, the magistrate judge's Report and Recommendation is **AFFIRMED,** and petitioner's objections to the Report and Recommendation are **DENIED.**  It is therefore **ORDERED** that this § 2241 petition is re-characterized as a § 2255 motion to be filed in *United States v. David*, C/R No. 4:11-775 RBH-1, and the Clerk of Court is directed to open a § 2255 action and to close this § 2241 action.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied because petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(b)(2).

**AND IT IS SO ORDERED.**

David C. Norton
United States District Judge

August 23, 2013
Charleston, South Carolina

***NOTICE OF RIGHT TO APPEAL***
The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure

---

[1] In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se litigant must receive fair notification of the consequences of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal.  The notice must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'" Id. at 846.  Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the consequences at the appellate level of his failure to object to the magistrate judge's report.